**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**ANTUAN M. PARKER,**

Petitioner,

v.

**WARDEN TIMOTHY SHOOP,**

Respondent.

CASE NO. 3:26 CV 966

JUDGE JAMES R. KNEPP II

**ORDER**

Currently pending before the Court in this 28 U.S.C. § 2254 habeas corpus case is *pro se* Petitioner Antuan M. Parker's Objection to Magistrate Judge Jonathan D. Greenberg's Order (Doc. 10) denying Petitioner's motion for appointment of counsel. (Doc. 15).[1]

This case was referred to Judge Greenberg for preparation of a Report and Recommendation pursuant to Local Civil Rule 72.2. The district court has statutory authority to "designate a magistrate judge to hear and determine any pretrial matter pending before the court". 28 U.S.C. § 636(b)(1)(A). A magistrate judge has the power to enter orders which do not finally dispose of a case. *Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (citing Fed. R. Civ. P. 72). "The district court can reconsider a magistrate judge's nondispositive order 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Id.* (citing 28 U.S.C. § 636(b)(1)(A)).

Upon review of Petitioner's Objection, the Court finds nothing about Judge Greenberg's Order (Doc. 10), which determined Petitioner had not identified exceptional circumstances

1. Petitioner's Objection was not timely-filed. Contemporaneously with his Objection, Petitioner filed a Motion asking that his late-filed Objection be accepted. (Doc. 16). The Court grants that Motion.

necessitating the appointment of counsel, was clearly erroneous or contrary to law. Petitioner's Objection is therefore OVERRULED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2026